UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,

       Plaintiff,                              Case No. 12-13507

v.                                                    Hon. Gerald E. Rosen

MASCO CORPORATION OF INDIANA,

       Defendant.
_____/

ORDER REGARDING PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S EXPERT WITNESSES AND DEFENDANT'S
MOTION FOR LEAVE TO NAME AN ADDITIONAL EXPERT WITNESS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      August 14, 2013

PRESENT: Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

By motion filed on July 9, 2013, Plaintiff seeks an order striking three proposed expert witnesses — David Eby, Siying Chen, and John Wright — on the ground that Defendant did not identify these individuals as experts expected to testify at trial until June 29, 2013, over three months past the discovery cut-off date and just over two months prior to the scheduled September 10, 2013 trial date. In response, and in a cross-motion filed on July 11, 2013, Defendant requests leave of the Court to name Dr. Eby as a second expert witness who will testify at trial, in addition to an existing defense expert (Spencer

Stohler) who has prepared an expert report and has been deposed by Plaintiff.[1] Defendant concedes that this addition to its list of trial witnesses will necessitate further discovery efforts, but it suggests that Plaintiff has failed to show any resulting prejudice. For the reasons stated below, the Court finds that Defendant has not provided sufficient cause for its untimely identification of an additional expert witness, and that Plaintiff's motion therefore should be granted and Defendant's cross-motion denied.

Under the October 15, 2012 scheduling order governing this action, the discovery cut-off date was March 13, 2013.[2] By agreement of counsel, the parties exchanged the reports of Plaintiff's expert (Todd Menna) and Defendant's expert (Spencer Stohler) and

---

[1]Defendant's cross-motion addresses only Dr. Eby, and not the other two individuals that are the subject of Plaintiff's motion. In its response to Plaintiff's motion, however, Defendant states that it no longer seeks to designate Siying Chen as a witness who will give expert testimony at trial.

Defendant has less to say about John Wright, an employee of Defendant who was identified in the company's interrogatory responses during discovery as an individual who may offer expert testimony. Mr. Wright evidently has not prepared an expert report, and it does not appear from the record submitted to the Court that Defendant has provided the information for Mr. Wright that is required for experts who are not obliged to prepare written reports. *See* Fed. R. Civ. P. 26(a)(2)(C). Indeed, Defendant evidently concedes that it has not yet made such a disclosure as to Mr. Wright, as it states in response to Plaintiff's motion that in the event its cross-motion is denied, it will "provide supplemental discovery responses regarding Mr. Wright's expert opinions and the basis thereof." (Defendant's 7/23/2013 Response Br. at 8.) In light of this uncertainty concerning any possible remaining dispute between the parties as to Mr. Wright's status as a witness who may be called upon to give expert testimony at trial, the Court addresses only Dr. Eby in the remainder of this order, with any outstanding issues as to Mr. Wright to be resolved at the forthcoming final pretrial conference.

[2]Although the parties stipulated to a pair of extensions to the dispositive motion filing deadline, the discovery cut-off date remained at March 13, 2013. Neither party filed a dispositive motion prior to the extended June 28, 2013 deadline for doing so, and no dispositive motion is presently pending before the Court.

took the depositions of these two experts after the close of discovery, with these discovery efforts concluding on June 10, 2013.[3] Roughly three weeks later, on June 29, 2013, counsel for Defendant sent Plaintiff's counsel an e-mail stating that Defendant had "elected to retain David Eby of Design Research Engineering as an expert witness," and requesting that Plaintiff instruct its expert, Mr. Menna, to forward certain physical evidence to Dr. Eby for his inspection. (Defendant's Motion, Ex. 4, 6/29/2013 E-mail.) Defense counsel further proposed that Dr. Eby could be made available for a deposition in late July or early August, and that a copy of Dr. Eby's expert report would be provided prior to this deposition. In Defendant's view, Plaintiff would not be prejudiced by the addition of Dr. Eby as a defense expert, where Defendant anticipates that Dr. Eby's "opinions and testimony will be consistent with and support" the opinions and testimony of Defendant's existing expert, Mr. Stohler, and where any possible prejudice resulting from the need for additional expert discovery can be mitigated through a 60-to-90-day extension of the forthcoming August 29, 2013 final pretrial conference and scheduled September 10, 2013 trial date. (Defendant's 7/23/2013 Response Br. at 7-8.)

Be that as it may, Defendant has failed to demonstrate sufficient cause for its untimely post-discovery request to name an additional expert witness. As Defendant concedes, because the discovery period in this case has closed and Plaintiff is unwilling to voluntarily consent to the additional discovery necessitated by Defendant's identification

---

[3] The parties did not submit a proposed stipulated order or otherwise seek the Court's approval to conduct expert discovery after the discovery cut-off date.

of Dr. Eby as an additional expert, Defendant must show "good cause" for the Court to modify the existing March 13, 2013 discovery cut-off date established in its scheduling order. *See* Fed. R. Civ. P. 16(b)(4); *see also* 10/15/2012 Scheduling Order at 2 (stating that "it is the policy of the Court to enforce the deadlines and cut-off dates set forth in this Scheduling Order," and that "requests for modifications of dates set by this Scheduling Order should be submitted by written motion to the Court at least 21 days prior to the date for which modification is sought"). Defendant further acknowledges that its identification of Dr. Eby as an additional expert is untimely under the Federal Rule governing expert discovery, which provides that in the absence of a stipulation or court order, expert disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). In this case, Dr. Eby was first identified as an expert witness just over two months prior to the scheduled September 10, 2013 trial date, and Defendant has yet to produce the report called for under Rule 26(a)(2)(B), citing the need for Dr. Eby to inspect certain materials in the possession of Plaintiff's expert.

In its response to Plaintiff's motion and its cross-motion, Defendant focuses almost exclusively on the purported lack of prejudice to Plaintiff as a result of these missed deadlines, but has precious little to say about any possible "good cause" for extending these deadlines. Defendant's sole statement on this subject is that Dr. Eby "will assist the jury in properly evaluating" Plaintiff's claims and Defendant's defenses. (Defendant's Motion, Br. in Support at 2.) Yet, as noted earlier, Defendant has acknowledged that Dr.

Eby's "opinions and testimony will be consistent with and support" the opinions of its existing expert, Mr. Stohler. (Defendant's 7/23/2013 Response Br. at 7.) As Plaintiff observes, this seemingly renders Dr. Eby's proposed opinions and testimony wholly cumulative of the testimony to be offered by Mr. Stohler, and the Court fails to see how the presentation of largely the same testimony by a second witness is likely to assist the jury.

Indeed, it is clear from Defendant's submissions to the Court that the true "assistance" Defendant has in mind is assistance to **Defendant** in withstanding Plaintiff's anticipated challenge to the credentials of Defendant's existing expert, Mr. Stohler. In particular, Defendant notes that Plaintiff questioned Mr. Stohler at his deposition regarding these credentials — and, specifically, about his lack of a college degree — and it states that it "decided to employ a third-party expert with a doctorate and an engineering degree [*i.e.,* Dr. Eby] to match [Plaintiff's] third-party expert," rather than "to introduce a completely new theory or defense to [Plaintiff's] claims." (Defendant's 7/23/2013 Response Br. at 6, 8.) Yet, even assuming Plaintiff appeals at trial to Mr. Stohler's lack of a degree as a basis for the jury to give less weight to his expert testimony, the Court simply cannot conclude that it would assist the jury in any meaningful way to hear Mr. Stohler's opinions repeated by a witness with superior academic credentials. Mr. Stohler, after all, is not disqualified from giving expert testimony by virtue of his lack of a college degree, *see Dresser v. Cradle of Hope Adoption Center, Inc.,* 421 F. Supp.2d 1024, 1033 (E.D. Mich. 2006), and it would be

5

inimical to the flexible standards for expert witness testimony to suggest that his opinions would somehow be of more assistance to the trier of fact if they were parroted by another witness with a doctorate.

Neither does Defendant's theory of assistance to the jury provide good cause for Defendant's failure to act in a timely manner to name Dr. Eby as an additional expert. Defendant surely was aware of Mr. Stohler's qualifications and credentials when it selected him to offer expert testimony in this case, and it should not have come as a surprise to Defendant and its counsel that Plaintiff might argue at trial that the testimony of its expert, Mr. Menna, should be given more weight because of his superior academic credentials. Because this was not a "late-breaking development," but rather a state of affairs that was evident from the time the parties identified their respective experts in the course of discovery, the Court finds that Defendant has failed to demonstrate the requisite good cause for reopening the discovery period and permitting Defendant to name an additional expert and make supplemental expert disclosures outside the time frame for doing so under Rule 26(a)(2)(D).[4]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's July 9, 2013

---

[4]In light of this conclusion, the Court need not address Defendant's argument that Plaintiff would not be unduly prejudiced by the late naming of an additional expert shortly before the final pretrial conference and the scheduled trial date. For what it is worth, however, the Court is skeptical that Plaintiff would suffer no prejudice whatsoever from the reopening of a discovery period that closed months ago, the likely adjournment of trial, and the prospect that Plaintiff might have to return to its expert to rebut any new opinions Dr. Eby might have offered.

motion to strike Defendant's expert witnesses (docket #8) is GRANTED as to David Eby, DENIED AS MOOT as to Siying Chen, and DENIED WITHOUT PREJUDICE as to John Wright.  IT IS FURTHER ORDERED that Defendant's July 11, 2013 motion for leave to name an additional expert witness (docket #11) is DENIED.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated:  August 14, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 14, 2013, by electronic and/or ordinary mail.

                                      s/Julie Owens
                                      Case Manager, (313) 234-5135